**Henry Lee GRIFFIN, Jr., Plaintiff–Appellant,**

v.

**Steve SMITH, in his individual and official capacity; Corrections Cable TV Corp.; Rick Raemisch, in his official capacity, Defendants–Appellees.**

**No. 14–1149.**

United States Court of Appeals, Tenth Circuit.

July 22, 2014.

Henry Lee Griffin, Jr., Buena Vista, CO, pro se.

Before GORSUCH, MURPHY, and HOLMES, Circuit Judges.

**ORDER AND JUDGMENT** *

NEIL M. GORSUCH, Circuit Judge.

Henry Griffin, a Colorado prisoner, filed this suit alleging that prison canteen officials violated his constitutional rights and federal antitrust laws by selling televisions to inmates like himself at prices too high

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however,

and with too few channels. He also contended that his rights were violated because prisoners in other state prisons enjoy better access to pizza deliveries, double mattresses, and "mature ... movies." In a nine-page order the district court explained that these and Mr. Griffin's related complaints fail to state a claim and dismissed his case pursuant to 28 U.S.C. § 1915. We see no error in the district court's disposition and adopt the district court's reasoning as our own. Neither may we reverse on the basis of the new arguments Mr. Griffin advances for the first time on appeal. Mr. Griffin's *in forma pauperis* motion is denied and this appeal is dismissed. The district court's dismissal counts as a strike for purposes of the Prison Litigation Reform Act and this appeal counts as a second. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999); *Johnson v. Standifird,* 400 Fed.Appx. 369, 371 (10th Cir.2010).

---

judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.